### G. M. BANKSTON *v.* J. N. CATCHINGS, AGENT.

**Appeal and Error — Objections in the Supreme Court.**
    Objections to the form of an affidavit and bond will not be heard for the first time in the Supreme Court.[1]

**Judgment.**
    A judgment for the amount of an attachment suit is erroneous where it does not show the assessment of the value of the separate pieces of property levied on.[2]

On January 1, 1881, W. H. Catchings sold to Orange Catchings a farm, under a contract in which certain payments were to be

---

[1] Objections not raised in the court below will be reluctantly noticed here; and this rule was applied where an objection was made here to the certificate of a deed read in evidence without objection. Hundley *v.* Buckner, 6 S. & M. 70.

And so, where the objection of champerty was made here to a deed, the objection in the court below being that there was no proof of its execution. Sessions *v.* Reynolds, 7 S. & M. 130.

No question can be adjudicated here which was not the subject of decision in the court below. Byrd's case, 1 How. 163.

The rule applies to failure to object to the regularity of the change of venue. Prusell *v.* Knowles, 4 How. 90.

That an answer in chancery was not properly sworn to, nor filed in proper time. Yeiser *v.* Burke, 3 S. & M. 439.

made on same yearly until the full amount was liquidated. The contract also provided that should the alienee fail to meet the payments as agreed, then he was to pay a stipulated sum as rental for the land each year, a lien upon the growing crop being expressly reserved therein. Orange Catchings executed to Matthews & Co., a deed of trust on his growing crop on said land for that year, to cover supplies furnished him by said Matthews & Co. W. H. Catchings, early in the fall of 1882, learning that said Orange Catchings was about to abandon the place and remove all the proceeds of his crop for that year, sued out an attachment for rent, $250, agreed on under the contract, on seven bales of cotton, 1,000 bushels of cotton seed, and forty bushels of corn. Appellant filed a claimant's issue and bond, as assignee of the deed of trust given by Orange Catchings. The form of the attachment and bond of W. H. Catchings was irregular, but objection was not made

And that there was no proof that the defendant in ejectment was in possession. Dixon v. Porter, 1 Cush. 84.

Nor that a deed was not recorded in the proper county. McCraven v. McGuire, 1 Cush. 100.

Nor that a replication was not filed. Binns v. Stokes, 5 Cush. 239.

Nor that the jury had separated in a capital case. Dyson's Case, 4 Cush. 316.

The rule applies to points not raised in the pleadings in a chancery case. Ferguson v. Applewhite, 10 S. & M. 304.

Also to new causes of demurrer. Matthews v. Sontheimer, 39 Miss. 174; Prewitt v. Coopwood, 30 Miss. 369.

To the competency of witnesses. Ferguson v. Oliver, 8 S. & M. 332; Ned & Taylor's Case, 33 Miss. 364.

To decide new points is to assume original jurisdiction. Doe v. Natchez Insurance Co., 8 S. & M. 197; Commercial Bank of Manchester v. Martin, 9 S. & M. 613.

Objections to competency of evidence not raised in court below. Neely v. Planters' Bank, 4 S. & M. 113; Doe v. Ingersoll, 11 S. & M. 249; Coopwood v. Foster, 12 S. & M. 718; House v. Fultz, 13 S. & M. 39; Chew v. Read, 11 S. & M. 182; Alexander v. Eastman, 37 Miss. 554; Monk v. Horn, 38 Miss. 100.

This court will not entertain questions not raised below. Anderson v. Leland, 48 Miss. 253; Griswold v. Simmons, 50 Miss. 137.

To the absence of bill of particulars. Tierney v. Duffy, 59 Miss. 364.

To the competency of jurors. Rolls v. State, 52 Miss. 391.

To the competency of witnesses. McGehee v. Martin, 53 Miss. 519; Brown v. State, 57 Miss. 424; Richardson v. Foster, 73 Miss. 12, 18 So. 573.

To verdict. McNairy v. Gathings, 57 Miss. 215.

To commissioners' report. Ricks v. Hillard, 45 Miss. 359.

Objection that a bill for partition is in effect an action of ejectment,

thereto in the court below.   From a verdict sustaining the attachment and adjudging that " seven bales of cotton, 1,000 bushels of cotton seed and forty bushels of corn levied on, be returned, and when sold by the officer (or so much thereof as may be necessary), $250 due said Catchings be liquidated," the defendant appeals.

APPEALED from Circuit Court, Copiah  county, T. J. WHARTON, Judge.

Reversed and remanded, March 2, 1885.

*Attorney for appellant, L. B. Harris.*

*Attorney for appellee, R. N. Miller.*

Brief of L. B. Harris:

The affidavit of the agent avers that the debt to become due is owing to him and does not aver that it is owing to his principal.

complainants having neither actual nor constructive possession of the land held adversely by defendant, cannot be made in this court for the first time. Black *v.* Washington, 65 Miss. 60, 3 So. 140.

A failure to object to a variance.   Richardson *v.* Foster, 73 Miss. 12, 18 So. 573.

Objection to the admissibility of evidence not raised in trial court will not be considered on appeal.   Pearson *v.* Kendrick, 75 Miss. 416, 23 So. 290.

An objection to the introduction of a verified account against intestate's estate cannot be raised for the first time on appeal.   Cazeneuve *v.* Martinez, 28 So. 788.

Unless objection be made in the trial court to the proof of the contents of a writing by parol evidence, complaint thereof in the Supreme Court will be unavailing.   Wagner *v.* Ellis, 85 Miss. 422, 37 So. 959.

The objection that an affidavit in replevin was not duly sworn to will not be considered when made for the first time in the Supreme Court.  Matthews *v.* Cotton, 83 Miss. 472, 35 So. 937.

2

A failure to comply with the statute vitiates the verdict.   Young *v.* Pickens, 45 Miss. 553; Redon *v.* Alexander, 47 Miss. 254.

Where the attachment is levied on various articles, which are replevied, the value of each article separately should be assessed.   Thomasson *v.* Wadlington, 53 Miss. 560; Atkinson *v.* Foxworth, 53 Miss. 733.

If the value of the property be not assessed it is error to render judgment for the whole of plaintiff's demand against the sureties.   Phillips *v.* Harvey, 50 Miss. 489.

A writ of inquiry, being purely statutory, is allowed only where the issue on a plea in abatement to the attachment is found for defendant (Code 1880, § 2429); or where plaintiff voluntarily dismisses his attachment (Code 1880, § 2432); Betancourt *v.* Maduel, 69 Miss. 839, 11 So. 111.

The bond is not the bond of the principal, but is the bond of the agent. By inspection of the bond it will be seen that it obliges the principal to do nothing. The appellant's claim presented the issue between him and the landlord, whether the goods were the property of the claimant or whether they were liable to the distress. Everman v. Robb, 52 Miss. 657.

The summary remedy for rent is likened unto a judgment and execution for the recovery of a moneyed demand. Towns v. Boarman, 23 Miss. 187.

Hence the requirements of the statute authorizing the writ of distraint must conform to it in every substantial particular. The use of the name of W. H. Catchings in the affidavit and the bond executed by the agent upon which the distress warrant issued is only descriptive of the character in which the agent sued and binds himself.

The bond is signed thus, " J. N. Catchings, agent of W. H. Catchings." An inspection of it will show that it obliges W. H. Catchings (landlord) to do nothing. It is not his bond, but the bond of his agent. Grubbs v. Wiley, 9 S. & M. 29 ; Wilks v. Back, 2 East, 142 ; Massey v. Scott, 7 Cush. (Mass.) 216 ; Wilburn v. Lamkin, 3 Blackf. 55 ; Martin v. Almond, 25 Mo. 313 ; Hunter v. Miller, 6 B. Mon. 612.

If the bond on its face purported to be the bond of the principal the signing as it appears would be sufficient,— hence the jury ought not to have found by their verdict that the distress was lawfully made.

Another view presented is, that the contract of purchase and rent between the landlord and tenant being in the alternative, that is, the tenant was at liberty to pay the installment of purchase money due January 1, 1883, or declining to do that, would pay the stipulated rent. The defendant undertakes to justify his right in having instituted the rent suit on the ground that the tenant stated in October, 1882, to the landlord and his agent, that he did not intend to pay either purchase money or rent. The tenant in his testimony denies this statement, but admits that he told the agent afterward that he would not pay rent, but that he expected Matthews & Brother to pay the installment of purchase money when due. Whilst it may be admitted that the verdict of the jury settled these facts against the tenant, the claimant contends that under the contract between the landlord and the tenant,

no distress could be lawfully made except in default of paying the installments of the purchase, due on January 1, 1883.

A vendor ought not to be allowed this short method of abrogating the contract of purchase and converting it into the relation of landlord and tenant before the time arrives for such relation to arise, but if under the contract and the other facts of the case he is warranted in forcing that relation so as to enable him to institute proceedings, he should as landlord be held to pursue a remedy which whilst it would preserve his rights in having the property or its proceeds appropriated as intended by the parties, would at the same time protect the tenant in his rights more than the contract. We suggest that the landlord had such remedy provided by section 1854, Code 1880. A proceeding under this section would have preserved the rights of both parties until the time of payment promised by the contract came around, if the landlord was entitled to any remedy. The contract to pay rent shows that the payment was to be from the proceeds of the crop, which certainly implies that the tenant should exercise control over it so as to convert it into money.

The remedy adopted by the landlord was violent and destructive of every right which the tenant had under the contract.

Brief of R. N. Miller:

It is too late here to object to the form of the affidavit and bond for attachment for rent. They are both good anyway and in form as required by section 1304, Code of 1880. No objection was made to the affidavit or bond in the court below, or the bond could have been fixed. §§ 2305–2307.

Orange Catchings, the tenant, is the only person who could complain of the illegality of the distress. Appellant could make no such objections. The affidavit and bond are literally in the language of sections 347 and 349.

As to whether appellant was landlord, see Nobles v. McCarty, 61 Miss. 456.

The verdict was proper, and the judgment thereon under section 1314, Code of 1880.

It is not necessary for the jury to assess the value of the property because the judgment is bound to go for the whole debt, and for the residue after the property is sold if it should bring less than the debt for rent. Though in form an action of replevin,

yet this action is not for property but for rent due. Code 1880, § 1314.

A surrender of the property does not release Bankston, as it would in replevin, but he must pay the whole rent found due, regardless of the value of the property, hence there is no reason why the property should be valued by the jury.

Opinion.— Arnold, J.:

Responding to the errors assigned in this cause, we conclude, first, that as no objection was made to the affidavit and bond and warrant in the lower court, none can be made here; second, that the landlord was not required to pursue the remedy provided by section 1854 of the Code; and third, that it was error for the jury not to assess the separate value of the property levied on and replevied.

The judgment is reversed, the verdict is not disturbed, and the cause remanded in order that a writ of inquiry may be awarded to ascertain the separate value of the property.

March 9, 1885.